# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2220-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TERRENCE SHEPPARD,
a/k/a TERRANCE S. SHEPPARD,

    Defendant-Appellant.

_____

        Submitted April 10, 2025 — Decided April 24, 2025

        Before Judges Walcott-Henderson and Vinci.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 20-11-0320.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

        Esther Suarez, Hudson County Prosecutor, attorney for respondent (Khyzar Hussain, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Terrence Sheppard appeals from the November 6, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Nesle A. Rodriguez's thorough and well-reasoned written opinion.

The State alleged that on February 2, 2020, defendant masturbated in a videogame store in Bayonne in the presence of two minors, ages eight and twelve years old. The incident was captured on the store's surveillance video. He was indicted for two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); two counts of fourth-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1); and two counts of fourth-degree lewdness, N.J.S.A. 2C:14-4(a)(1).

On November 5, 2021, defendant pleaded guilty to one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2). In exchange, the State agreed to recommend a sentence of four years in prison. At the beginning of the plea hearing, the court asked defendant if he had enough time to discuss the plea offer with his attorney, to which defendant responded, "[a]lmost. But, yeah. Yeah." The court took a recess to allow defendant time to speak with his counsel.

When the plea hearing resumed, defendant testified nobody promised him or told him anything to persuade him to plead guilty, nobody threatened him to make him plead guilty, and he was pleading guilty voluntarily because he is guilty. Defendant and the court then engaged in the following colloquy:

> [COURT]: Okay. So, I was letting you know. So[,] if you have any questions, you [have] got to let me know now.
>
> [DEFENDANT]: I have no questions.
>
> [COURT]: All right. Now, has [counsel] answered all of your questions about this case?
>
> [DEFENDANT]: Yes, sir.
>
> [COURT]: Have you had enough time to discuss the reports and discovery?
>
> [DEFENDANT]: Yes, sir.
>
> [COURT]: And to discuss any motions he could make in your defense?
>
> [DEFENDANT]: Yes, sir.
>
> [COURT]: Are you satisfied with his representation?
>
> [DEFENDANT]: Yes, sir.

On December 13, 2021, defendant was sentenced in accordance with the plea agreement. He filed a direct appeal, which was subsequently withdrawn and dismissed.

Defendant filed a pro se petition for PCR contending counsel "pressured [him] to plea[d] guilty even though [he is] not guilty." After PCR counsel was appointed, defendant filed a supplemental brief arguing: (1) his plea was not made voluntarily, knowingly, and intelligently; (2) counsel "fail[ed] to communicate with [d]efendant and go over discovery and trial strategies"; and (3) counsel "fail[ed] to argue any mitigating factors."

On November 6, 2023, after hearing oral argument, Judge Rodriguez entered an order denying defendant's petition supported by a written opinion. She found defendant's claims trial counsel pressured him to plead guilty and his plea was not voluntary were not supported by an affidavit or certification and were contradicted by the record. The judge likewise found his claims counsel failed to communicate with him, provide discovery to him, and discuss trial strategies or defenses with him, constituted bald assertions and were inconsistent with the record. She rejected his claim counsel failed to argue mitigating factors at sentencing because he did ask the court to apply mitigating factors, and the court found applicable mitigating factors. The judge denied defendant's request for an evidentiary hearing, finding he "fail[ed] to make a prima facie showing that he received ineffective assistance of counsel."

4

On appeal, defendant raises the following arguments for our consideration.

POINT I

DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT'S CLAIM IS SUPPORTED BY MATERIAL ISSUES OF DISPUTED FACTS LYING OUTSIDE THE RECORD. RESOLUTION OF THE DISPUTED FACTS NECESSITATED AN EVIDENTIARY HEARING. THE PCR COURT ERRED IN FAILING TO CONDUCT SUCH A HEARING. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. ART. I, PAR. 10; R. 3:22-10B.

A. Defendant's Plea was not Voluntary, Knowing, and Intelligent.

B. Trial Counsel was Ineffective for Failing to Communicate with Defendant and Review with Him Discovery and Trial Strategies.

Having considered these arguments, we affirm substantially for the reasons set forth in Judge Rodriquez's written opinion. We add the following comments.

Because the court did not hold an evidentiary hearing, we review both the factual inferences drawn by the judge from the record and the judge's legal conclusions de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)).

5

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). This requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and then proving the defendant suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687; accord Fritz, 105 N.J. at 52.

Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). The second prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

A defendant bears the burden of establishing a prima facie claim for PCR. State v. Gaitan, 209 N.J. 339, 350 (2012). Defendants "must do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

6

There is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, the defendant must demonstrate "how specific errors of counsel undermined the reliability of the" proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984); see also Fritz, 105 N.J. at 52 ("[P]rejudice must be proved . . . it is not presumed." (citing Strickland, 466 U.S. at 692-93)).

Counsel may be ineffective for "fail[ing] to conduct an adequate pre-trial investigation." State v. Porter, 216 N.J. 343, 352-53 (2013) (citing State v. Preciose, 129 N.J. 451, 464 (1992)). Where a defendant alleges counsel rendered ineffective assistance by "inadequately investigat[ing their] case," the defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications upon the personal knowledge of the affiant or the person making the certification." Id. at 353 (quoting Cummings, 321 N.J. Super. at 170); accord R. 3:22-10(c).

Generally, "representations made by a defendant at plea hearings concerning the voluntariness of the decision to plead, as well as any findings made by the trial court when accepting the plea, constitute a 'formidable barrier' which defendant must overcome." State v. Simon, 161 N.J. 416, 444 (1999)

7

(quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  "Th[is] is . . . because '[s]olemn declarations in open court carry a strong presumption of verity.'"  Ibid. (alteration in original) (quoting Blackledge, 431 U.S. at 74).

To show prejudice in connection with a guilty plea, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'"  Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)); see Lafler v. Cooper, 566 U.S. 156, 163 (2012) (holding a defendant claiming ineffective assistance at the plea stage must show "the outcome of the plea process would have been different with competent advice").  A defendant must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also Aburoumi, 464 N.J. Super. at 339.

A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented.  See Porter, 216 N.J. at 354 (citing R. 3:22-10(b)).

We are satisfied Judge Rodriguez properly denied defendant's petition for PCR without conducting an evidentiary hearing.

Defendant's claims counsel pressured him to enter the plea, and his plea was not voluntary are directly contradicted by his sworn testimony at the plea hearing. His assertions counsel failed to communicate with him to discuss discovery and trial strategy are based on nothing more than bald assertions. He does not identify any discovery counsel failed to discuss with him, or any trial strategies or defenses that were not considered. In addition, defendant failed to establish but for counsel's alleged errors, he would not have pleaded guilty and insisted on going to trial, and it would have been rational for him to do so.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division